UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
WALTER J. SCHNEIDER, JR. and            CIVIL ACTION
PEGGY W. SCHNEIDER

v.                                      NO. 06-7426

STATE FARM FIRE AND CASUALTY COMPANY    SECTION "F"
```

ORDER AND REASONS

Before the Court is the Schneiders' motion to remand. They contend that the amount-in-controversy requirement to invoke the diversity jurisdiction of this Court is not met. State Farm counters that the plaintiffs' homeowners policy limits are over $75,000, thereby placing the amount in controversy in excess of $75,000, satisfying the diversity requirements. State Farm further contends that the plaintiffs specifically allege in their complaint that they are entitled to statutory penalties under Louisiana law. For the reasons that follow, the plaintiffs' motion to remand is DENIED.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time. See Kurz v. Scottsdale

Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

This case is no different.  The Schneiders' state court petition, in conformity with Louisiana law, did not specify an exact amount of damages.  Regarding quantum of recovery, the petition merely states that the defendant only paid a portion of damages due under the policy, the defendant has "refused to pay the remaining damages in excess of $4,500."  The plaintiffs also seek statutory penalties.  There is no binding affidavit or stipulation in the record that would confine the Schneiders as a matter of law to recovering less than the jurisdictional amount of $75,000.  Based on the language of the state court petition and, absent a binding affidavit or stipulation from plaintiffs that the amount in controversy is less than $75,000, State Farm has carried its burden to show that the jurisdictional amount in controversy is met and that this Court has diversity jurisdiction.

Accordingly, the plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, January 3, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE